### In re MARCUS.

(District Court, D. Vermont. March 18, 1908.)

BANKRUPTCY—WITNESSES—FEES—PAYMENT IN ADVANCE — BANKRUPT'S HUS-BAND.

Under Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], providing that a bankruptcy court may require any designated person, including the bankrupt and his wife, to appear for examination concerning the bankrupt's conduct, etc., a bankrupt's husband cannot be compelled to testify without payment to him of his lawful fees

In Bankruptcy.

J. H. Macomber, for creditors.

Brown & Hopkins and V. A. Bullard, for bankrupt.

MARTIN, District Judge. The referee reports to the court that the husband of the above-named bankrupt was ordered to appear before the referee and testify; that the said husband appeared, but refused to testify without first being paid his witness fees. This the creditors refuse to do, claiming that he should be compelled to testify without such payment. This question is submitted to the court by the referee.

Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], provides that:

"A court of bankruptcy may, upon application of any officer, bankrupt or creditor, by order, require any designated person, including the bankrupt and his wife, to appear in court or before a referee or the judge of any state court to be examined concerning the acts, conduct or property of the bankrupt whose estate is in process of administration under this act," etc.

No question is made that any persons other than the bankrupt, or the wife or husband of a bankrupt, required to attend court as witnesses, should be tendered their lawful witness fees. This statute places the wife of a bankrupt husband in the list with "any designated person." The husband of a bankrupt wife is not specifically mentioned, yet must stand in the same relation to the bankruptcy proceeding as "any designated person," but cannot be compelled to testify without the payment of his lawful fees.